**In re Gary Robert BILLINGSLEY, Debtor.**

No. 02–71214.

United States Bankruptcy Court, C.D. Illinois.

Dec. 16, 2002.

Brent D. Holmes, Mattoon, IL, Daniel C. Lanterman, Springfield, IL, Michele M. Springer, Rockford, IL, for creditor.

Randall A. Wolter, Springfield, IL, for debtor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether Niemerg Gas Company has a perfected security interest in the Debtor's 500 shares of stock in Excel Energy Company.

The material facts are not in dispute. Niemerg Gas Company obtained a $550,000 judgment against the Debtor, Gary Billingsley, and several co-defendants on August 15, 2001. The Judgment Order, which was entered pursuant to a settlement agreement, provided in pertinent part as follows:

> H. The defendants shall provide a blanket lien and collateral assignment of all assets of the defendants to secure the payment of the judgment. Counsel for defendants shall prepare the security documents and submit them to plaintiffs' counsel for approval within 14 days.
>
> . . . .
>
> J. Defendants shall advise plaintiffs' counsel in writing as to any proposed transfer of assets by any defendant, including a detailed description of the asset, the reason for the proposed transfer and the details of the proposed transaction. No such transfer shall occur prior to final payment of the money judgment without the prior written consent of the plaintiffs.
>
> . . . .
>
> W. Plaintiff shall not execute on the judgment so long as the defendants are in complaince (sic) with the provisions of this judgment.

In accordance with the terms of the Judgment Order, the Debtor provided Niemerg with a security agreement dated October 22, 2001.

The August 15, 2001, Judgment Order provided for cash payments of $5,000 on September 15, 2001, and $500,000 plus 9% per annum interest from August 15, 2001, on December 1, 2001.

When the Debtor failed to pay the judgment in a timely manner, Niemerg filed a citation to discover assets. However, there was no evidence that the citation was personally served on the Debtor or that it contained any kind of injunction. An enforcement hearing was held on December 14, 2001, at which time the court made the following docket entry:

12. Court confirms liens of (plaintiffs) on property of (defendants) by virtue of judgment liens filed by (plaintiffs), the judgment order of 8–15–01 and the citations served upon the defendants.

The Debtor filed a petition pursuant to Chapter 7 of the Bankruptcy Code on March 18, 2002. The Debtor scheduled 500 shares of Excel Energy valued at "–0– (inactive)" in his Schedule B—Personal Property.

Niemerg has filed a Motion for Relief from Automatic Stay and a Petition for Abandonment. Niemerg asserts that its judgment lien is superior to any liens of other creditors or the Trustee. Niemerg wants the Trustee to abandon his interest in the stock and the automatic stay lifted to allow it to exercise its state law rights with respect to the Excel Energy stock. The Trustee opposes both motions. The Trustee asserts that Niemerg may have a security interest in the stock pursuant to its security agreement, but the security interest is not perfected, and therefore it is subordinate to the Trustee pursuant to the strong-arm powers of 11 U.S.C. § 544.

11 U.S.C. § 544(a)(1) provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such judicial lien, whether or not such a creditor exists(.)

■ Pursuant to this provision, the Trustee stands in the shoes of a hypothetical lien creditor whose lien arose on the day that the bankruptcy petition was filed. *In re Babaeian Transp. Co.*, 206 B.R. 536 (Bankr.C.D.Cal.1997). As a hypothetical judicial lien creditor, the Trustee is deemed to have a lien on all lienable property of the debtor; the Trustee's hypothetical lien is inferior to any existing perfected lien at the time the petition is filed, but it is superior to any unperfected lien. *In re Westfall*, 227 B.R. 734 (Bankr.W.D.Mo. 1998).

■ Niemerg argues that the Judgment Order of August 15, 2001, provided it with a security interest in the stock superior to that of the Trustee. However, the Judgment Order did not impose a lien or security interest on the stock. Instead, the Judgment Order required the Debtor to prepare security documents granting Niemerg a blanket lien and collateral assignment of all of the Debtor's assets. The Debtor complied with the Court Order by executing a security agreement in favor of Niemerg on October 22, 2001.

The mere execution of the Security Agreement by the Debtor did not perfect Niemerg's interest in the stock; some additional action was required by Niemerg. There were a number of ways for Niemerg to perfect its security interest in the stock: (1) possession, *see* 810 ILCS 5/8–104(a)(1) and 810 ILCS 5/8–301(a)(1); (2) filing a financing statement, *see* 810 ILCS 5/9–401 and 810 ILCS 5/9–403; (3) levying against the stock, *see* 735 ILCS 5/12–170; or (4) service of a citation issued by the clerk, *see* 735 ILCS 5/2–1402. It is undisputed that Niemerg did not take any of these actions.

Niemerg relies on *Bear, Stearns & Co., Inc. v. Sitlington*, 20 Fed.Appx. 551 (7th Cir.2001) in support of its argument that a stipulated judgment may have the same

effect as a citation to discover assets. In *Bear, Stearns,* Bear Sterns entered into a stipulated judgment with Mr. and Mrs. Sitlington in favor of Bear Sterns. When the judgment was not completely satisfied, Bear Stearns sought the turnover of Mr. Sitlington's shares of restricted Lehman Brothers stock. Mrs. Sitlington, who had initiated legal separation proceedings in Colorado, sought to intervene. Mrs. Sitlington claimed that the stock was marital property, and that Bear Stearns was required to file a citation to discover assets rather than a motion in district court to obtain rights in the stock. Bear Stearns argued that a citation to discover assets is not the only way to assert its right to the property. The Seventh Circuit noted that a citation to discover assets is a way to find assets with which to satisfy a judgment, but "there was no need to 'discover' assets; everyone knew perfectly well where they were." 20 Fed.Appx. at 552. The Court further noted that all parties, including Mrs. Sitlington, agreed to the money judgment, and that "[t]he stipulation provided for the immediate recording of a judgment lien for the entire amount." *Id.* at 553. The Court found that Mrs. Sitlington's filing for legal separation in Colorado vested her with certain marital property rights, but that Bear Stearns prior lien on the stock took priority over Mrs. Sitlington's "marital rights which are akin to unrecorded equitable interests in the property." *Id.* at 553.

*Bear, Stearns* is an unpublished opinion, and according to Seventh Circuit Rule 53(b)(iv), is not to be cited or used as precedent in any federal court within the circuit or by any such court for any purpose. Thus, the precedential value of *Bear, Stearns* is dubious at best. *Bear, Stearns* is also readily distinguishable from the facts in this case. The stipulated judgment in *Bear, Stearns* provided for the immediate recording of a judgment lien for the entire amount of the money judgment; the parties in this case did not provide for such a stipulation. There is an even more important and more obvious distinction: *Bear, Stearns* is not a bankruptcy case. Thus, *Bear, Stearns* did not deal with the Trustee's rights as a hypothetical lien creditor under § 544. Under these circumstances, the Court does not accord any weight to *Bear, Stearns.*

For the foregoing reasons, the Court finds that Niemerg did not perfect its security interest in the Excel Energy stock and, therefore, its security interest in the stock is subordinate to that of the Chapter 7 Trustee pursuant to 11 U.S.C. § 544(a)(1). Accordingly, Niemerg's Petition for Abandonment and Motion for Relief from Stay are denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.